**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                              :
FARLEY R. WALKER,             :
                              :    Civil Action No. 06-4204 (MLC)
              Plaintiff,      :
                              :
         v.                   :         O P I N I O N
                              :
KAREN WILLOUBY, et al.,       :
                              :
              Defendants.     :
_____ :
```

**APPEARANCES:**

> FARLEY R. WALKER, plaintiff pro se, # 19288
> South Woods State Prison, Bridgeton, New Jersey 08302

**COOPER, District Judge**

Plaintiff, currently confined at South Woods State Prison ("Facility"), seeks to bring a 42 U.S.C. § 1983 action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. The complaint names as defendants Karen Willouby, Superintendent of the Facility; John Doe, a lieutenant; John Doe, a sergeant; Officer Williams; John Doe, a Superintendent; John Doe, a doctor; Jane Doe, a nurse; Mr. Barr, a social worker; and Robert Capri, a physical therapist. Based on Plaintiff's affidavit of indigence, the Court will grant his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the complaint. But the Court will dismiss (1) the federal claims with prejudice, and (2) any potential state law claims without prejudice.

**BACKGROUND**

According to Plaintiff, on June 6, 2006, as he walked down a row of cells where there were "all kinds of things all over the floor[;] salt, pepper, juices, water, etc.," he slipped, fell, and injured himself.  (Compl.)  Plaintiff was brought to a hospital by ambulance and received medical treatment.  Id.  However, after returning to the Facility, he (a) had to walk to the medical unit for medications, and (b) was left dissatisfied with the medical care he received.  (Id.)  Plaintiff alleges that: (1) Willouby negligently supervised the Facility; (2) John Doe, a lieutenant, and John Doe, a sergeant, negligently oversaw the safety of the Facility; (3) Williams negligently failed to warn Plaintiff that there was water on the floor; (4) Defendant John Doe, a Superintendent, is liable for the inadequate medical attention provided; (5) John Doe, a doctor, is liable for not attending to Plaintiff when he requested medical attention from a doctor rather than a nurse; (6) Jane Doe, a nurse, is liable for not being qualified to diagnose his injuries; (7) Barr, a social worker, is liable for merely providing him with information and social services; and, (8) Capri, a physical therapist, is liable for merely providing physical therapy.

**STANDARD FOR SUA SPONTE DISMISSAL**

The Court must (1) review a complaint in a civil action where a plaintiff is proceeding in forma pauperis or a prisoner

seeks redress against a government entity or employee, and (2) dismiss the complaint or any claim which is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1971), and a Court is "required to accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). But a court need not credit a complaint's bald assertions or legal conclusions when deciding whether dismissal is warranted. Id.

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). A court must be "especially careful when assessing frivolousness in the case of in forma pauperis complaints, for prisoners often must rely on the courts as the only available forum to redress their grievances, even when those grievances seem insignificant to one who is not so confined." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (quotes and cite omitted).

3

The Court also must consider whether the complaint complies with Federal Rule of Civil Procedure ("Rule") 8(a).  28 U.S.C. § 1915(e)(2)(B)(ii).  Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002) (quotes and cite omitted). "Given the Federal Rules' simplified standard for pleading, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Id. at 514 (quotes and cite omitted); see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (pro se complaint may be dismissed for failure to state claim only if appears beyond doubt that plaintiff can prove no set of facts in support which would show entitlement to relief).

If pleading deficiencies in a pro se complaint might be remedied by an amendment, a court may not dismiss the matter without permitting amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002); Shane v. Fauver,  213 F.3d 113 (3d Cir. 2000); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 453 (3d Cir. 1996).

**DISCUSSION**

**A.    Section 1983 Requirements**

Plaintiff, to recover under 42 U.S.C. § 1983, must show that:
(1) a person deprived him or caused him to be deprived of a right
secured by the Constitution or laws of the United States; and (2)
the deprivation was done under color of state law.  See West v.
Atkins, 487 U.S. 42, 48 (1988); Sample v. Diecks, 885 F.2d 1099,
1107 (3d Cir. 1989).  The Court "must first identify the exact
contours of the underlying right said to have been violated in
order to determine whether plaintiff has alleged a deprivation of
a constitutional right at all."  Natale v. Camden County Corr.
Fac., 318 F.3d 575, 581 (3d Cir. 2003) (quotes and cite omitted).
If so, the Court determines whether the defendant can be held
liable for that violation.  Id.; Berg v. County of Allegheny, 219
F.3d 261, 275 (3d Cir. 2000).

**B.    Plaintiff's Claims Based on Negligence**

Plaintiff's claims that his injuries resulted from negligent
maintenance of the Facility by Willouby, John Doe, a lieutenant,
and John Doe, a sergeant, as well as Plaintiff's claim that his
injuries resulted from Williams's negligent failure to warn him
about the floor conditions, will be dismissed for failure to
state a claim upon which relief may be granted.  These claims
assert nothing but mere negligence by these Defendants.

Constitutional protections afforded to prisoners are not triggered by the simple negligence of prison officials.  See Daniels v. Williams, 474 U.S. 327, 328 (1986).  Thus, even if Plaintiff's assertions are true, and if these Defendants indeed acted negligently, such behavior would not meet the threshold for imposition of liability on a government official under Section 1983.  See Davidson v. Cannon, 474 U.S. 344 (1986) (affirming dismissal of prisoner's § 1983 claim because negligent lack of due care by prison official not violation of Fourteenth Amendment rights to due process); Daniels, 474 U.S. at 328 (holding prison official's lack of due care not Fourteenth Amendment due process violation).

Consequently, while Plaintiff may have a remedy under state law, Plaintiff does not make a federal claim that might warrant relief pursuant to Section 1983 with respect to the alleged negligent maintenance of the Facility or the alleged negligent failure to warn.

C.   **Plaintiff's Claims with Respect to Medical Care**

The Court liberally construes Plaintiff's claims as to the medical care he received as asserting Eighth Amendment violations. The Constitution "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. 337, 349 (1981).  But it does not permit inhumane ones, and "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to

6

scrutiny under the Eighth Amendment."  Helling v. McKinney, 509 U.S. 25, 31 (1993).  The Eighth Amendment imposes a duty on a prison official to provide humane conditions of confinement and take reasonable measures to guarantee the safety of inmates. Hudson v. Palmer, 468 U.S. 517, 526-527 (1984); Helling, 509 U.S. at 31-32; Washington v. Harper, 494 U.S. 210, 225 (1990).

The Eighth Amendment prohibits conditions that unnecessarily and wantonly inflict pain, or are grossly disproportionate to the severity of the crime warranting imprisonment.  Rhodes, 452 U.S. at 346-47.  The cruel and unusual punishment standard is not static, but is measured by "the evolving standards of decency that mark the progress of a maturing society."  Id. at 346.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.  See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976).  To set forth a cognizable claim for a violation of the right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. See id. at 106.

The inmate must show that his medical needs are serious to satisfy the first part of the Estelle inquiry.  "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to

an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992).  Serious medical needs include those (1) diagnosed by a physician as requiring treatment, (2) that are so obvious that a lay person would recognize the need for a doctor's attention, or (3) that, if untreated, would result in lifelong handicap or permanent loss.  See Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir.1987).  The seriousness of an inmate's medical need may also be determined by reference to the effect of denying the particular treatment.  See id.  For example, if "unnecessary and wanton infliction of pain" results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment.  See Estelle, 429 U.S. at 105.  Also, where denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered to be serious.  See, e.g., Archer v. Dutcher, 733 F.2d 14, 16 (2d Cir. 1984) (pregnant inmate who miscarried stated cognizable claim where she alleged defendants intentionally delayed medical aid to make her suffer).

"Deliberate indifference" exists "where [a] prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment."

Rouse v. Plantier, 182 F.3d 192, 197 (3d Cor. 1999).  Also,

deliberately delaying a necessary medical diagnosis for a long

period of time to avoid providing care constitutes deliberate

indifference.  See Durmer v. O'Carroll, 991 F.2d 64 (3d Cir.

1993).  Deliberate indifference is also evident where officials

erect arbitrary and burdensome procedures that cause interminable

delays and denials of medical care to suffering inmates.  See

Lanzaro, 834 F.2d at 346-47.

But the cruel and unusual punishment standard is not met by

(1) inconsistencies or differences in medical diagnoses, or (2) a

refusal to consider an inmate's self-diagnoses, summon a medical

specialist of the inmate's choice, perform tests or procedures

that the inmate desires, or explain to the inmate the reason for

medical action or inaction.  See White v. Napoleon, 897 F.2d 103

(3d Cir. 1990) (mere disagreement over medical judgment or

treatment does not state Eighth Amendment claim); Alsina-Ortiz v.

Laboy, 400 F.3d 77 (1st Cir. 2005) (doctor's failure to respond to

request for services by inmate, in context of doctor's continued

and regular services, did not deprive inmate of treatment); Smith

v. Sator, 102 Fed.Appx. 907 (6th Cir. 2004) (where prisoner

alleged defendants did not provide specialized tests that he found

to be necessary based on his reading of medical literature, court

held complaint was frivolous because refusal to provide tests was

nothing more than difference of opinion regarding diagnosis and

treatment and was not Eighth Amendment violation); Lopez v.

Kruegar, 1990 U.S. Dist. LEXIS 6808 (E.D. Pa. June 4, 1990)

(where plaintiff stated he was receiving medication but felt that

more medical tests should be taken, allegations were directed at

wisdom or quality of treatment and did not state claim).

Similarly, a plaintiff's interest in preventive measures does not

state a constitutional claim.  See Patterson v. Lilley, 2003 U.S.

Dist. LEXIS 11097 (S.D.N.Y. June 20, 2003) (defendants could only

be held deliberately indifferent to existing serious medical

condition, not speculative future medical injury).

     Plaintiff here concedes that he was brought to a hospital

immediately after suffering his injuries, and was diagnosed and

treated in a timely manner.  (See Compl.)  His claims, hence, are

limited to his dissatisfaction with (1) being treated by a nurse

rather than a doctor, (2) the type of treatment provided, and (3)

the location where he was treated.

     But these claims neither show deliberate indifference on the

part of the prison officials nor depict an act contrary to the

modern standards of decency.  See McNeil v. Redman, 21 F.Supp.2d

884 (C.D. Ill. 1998) (inmate has no constitutional right to see

doctor on demand; decision whether to summon doctor, as question

of whether certain diagnostic technique or form of treatment

should be prescribed, is classic example of matter for medical

judgment); Goff v. Bechtold, 632 F.Supp. 697 (S.D. W.Va. 1986)

(denial of preferred course of treatment does not infringe constitutional rights).  Therefore, while Plaintiff may have a remedy under state law with respect to his medical claims, he failed to state a federal claim upon which relief may be granted pursuant to Section 1983.

**D.    Plaintiff's Claims against Barr and Capri**

Plaintiff — although listing Barr, a social worker, and Capri, a physical therapist — makes no allegations against them. Thus, he fails to state a federal claim against them upon which relief may be granted pursuant to Section 1983.

**CONCLUSION**

The Court will dismiss with prejudice all claims over which it has original jurisdiction, i.e., under 42 U.S.C. § 1983, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Any potential state law claims will be dismissed without prejudice, as the Court will decline to exercise supplemental jurisdiction over them.  See 28 U.S.C. § 1367(c)(3).  The Court will issue an appropriate order and judgment.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge
